United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                              Case No. 13-11368-jkf
Nicole Stanton                                                      Chapter 13
       Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2        User: admin         Page 1 of 2         Date Rcvd: Dec 07, 2018
                            Form ID: 3180W      Total Noticed: 14

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 09, 2018.
db             +Nicole Stanton,   6536 Ogontz Avenue,   Philadelphia, PA 19126-3408
13251756        Lakeview Loan Servicing LLC,   M & T Bank,   One Fountain Plaza,
                 7th Floor - Payment Processing,   Buffalo, NY 14203-1495
13135424       +Law Office Of Georgette Miller,   335 Evesham Ave.,   Lawnside, NJ 08045-1661
13015471       +PHILA GAS WORKS,   800 W MONTGOMERY AVE,3F,   PHILA PA 19122-2898,   ATTN:BANKRUPTCY UNIT

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: megan.harper@phila.gov Dec 08 2018 03:30:55     City of Philadelphia,
                 City of Philadelphia Law Dept.,   Tax Unit/Bankruptcy Dept,   1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Dec 08 2018 03:29:49
                 Pennsylvania Department of Revenue,   Bankruptcy Division,   P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Dec 08 2018 03:30:18     U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,   Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
13064858        EDI: AIS.COM Dec 08 2018 08:13:00     American InfoSource LP as agent for,   Verizon,
                 PO Box 248838,   Oklahoma City, OK   73124-8838
13034705       +EDI: ACCE.COM Dec 08 2018 08:13:00     Asset Acceptance LLC,   P.O. Box 2036,
                 Warren Mi 48090-2036
13013421       +E-mail/Text: ELDABBASM@FREEDOMCU.ORG Dec 08 2018 03:29:00     Freedom Credit Union,
                 626 Jacksonville Road,   Suite 250,   Warminster PA 18974-4862
13104302        EDI: RESURGENT.COM Dec 08 2018 08:13:00     LVNV Funding, LLC its successors and assigns as,
                 assignee of NCOP Capital, Inc,   Resurgent Capital Services,   PO Box 10587,
                 Greenville, SC 29603-0587
13054400       +EDI: OPHSUBSID.COM Dec 08 2018 08:13:00     OAK HARBOR CAPITAL VII, LLC,
                 C O WEINSTEIN AND RILEY, PS,   2001 WESTERN AVENUE, STE 400,   SEATTLE, WA 98121-3132
13093503        EDI: PRA.COM Dec 08 2018 08:13:00     Portfolio Recovery Associates, LLC,   POB 41067,
                 Norfolk VA 23541
13066719        EDI: Q3G.COM Dec 08 2018 08:13:00     Quantum3 Group LLC as agent for,   Comenity Bank,
                 PO Box 788,   Kirkland, WA  98083-0788
                                                                                               TOTAL: 10

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
13330096*       ++PORTFOLIO RECOVERY ASSOCIATES LLC,   PO BOX 41067,   NORFOLK VA 23541-1067
                 (address filed with court:  Portfolio Recovery Associates, LLC,   PO Box 41067,
                 Norfolk, VA 23541)
13330359*       ++PORTFOLIO RECOVERY ASSOCIATES LLC,   PO BOX 41067,   NORFOLK VA 23541-1067
                 (address filed with court:  Portfolio Recovery Associates, LLC,   POB 41067,
                 Norfolk, VA 23541)
                                                                                  TOTALS: 0, * 2, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 09, 2018                               Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 6, 2018 at the address(es) listed below:
              BRIAN CRAIG NICHOLAS    on behalf of Creditor    Lakeview Loan Servicing, LLC
               bnicholas@kmllawgroup.com, bkgroup@kmllawgroup.com
              DENISE ELIZABETH CARLON    on behalf of Creditor    Lakeview Loan Servicing, LLC
               bkgroup@kmllawgroup.com

```
District/off: 0313-2          User: admin              Page 2 of 2              Date Rcvd: Dec 07, 2018
                              Form ID: 3180W           Total Noticed: 14


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
              GEORGETTE    MILLER    on behalf of Debtor Nicole  Stanton info@georgettemillerlaw.com,
               georgettemillerlaw@gmail.com;mlee@georgettemillerlaw.com;gmecfmail@gmail.com;cfink@georgettemille
               rlaw.com;smithcr50524@notify.bestcase.com;millergr50524@notify.bestcase.com;dmayberry@georgettemi
               llerlaw.com
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor    Lakeview Loan Servicing, LLC
               bkgroup@kmllawgroup.com,    bkgroup@kmllawgroup.com
              MARTHA E. VON ROSENSTIEL    on behalf of Creditor    United Shore Financial Services, LLC
               marty@mvrlaw.com,    erin@mvrlaw.com
              MATTEO SAMUEL WEINER    on behalf of Creditor    Lakeview Loan Servicing, LLC
               bkgroup@kmllawgroup.com
              POLLY A. LANGDON    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
               ecf_frpa@trustee13.com
              REBECCA ANN SOLARZ    on behalf of Creditor    Lakeview Loan Servicing, LLC bkgroup@kmllawgroup.com
              THOMAS I. PULEO    on behalf of Creditor    Lakeview Loan Servicing, LLC tpuleo@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM  MILLER*R    ecfemail@FredReigleCh13.com,    ECF_FRPA@Trustee13.com
                                                                                             TOTAL: 11
```

| **Information to identify the case:** | | |
|---|---|---|
| Debtor 1 | **Nicole Stanton** | Social Security number or ITIN  **xxx–xx–0476** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number: | **13–11368–jkf** | |

# Order of Discharge                                                                                                12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Nicole Stanton

12/6/18                                                              **By the court:**   Jean K. FitzSimon
                                                                                          United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**